FILED 14 SEP '18 15:22 USDC-ORP

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183
     Pro Se

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**KIMBERLY M. MITCHELL**                **Case No.: 18–cv–01000–AC**

     **Plaintiff(s),**

**v.**

**MEGAN J. BRENNAN, Postmaster**        **FIRST AMENDED COMPLAINT**
**General of the United States Postal Service,**

                                        JURY TRIAL REQUESTED

     **Defendant.**

Pursuant to FRCP 15(a)(2), plaintiff files her First Amended Complaint.

### Nature of the Action and Jurisdiction

1.     This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e et seq.; The Rehabilitation Act of 1973, 29 U.S.C. § 794; the Age Discrimination in
Employment Act of 1967, 29 U.S.C. § 633(a).

2.     This court has jurisdiction over the subject matter of this complaint pursuant to
28 U.S.C. § 1331.

### Parties

3.     Plaintiff is a female resident and citizen of Multnomah County, State of Oregon.

                                     Kimberly M. Mitchell
                                     1218 W. HCR Hwy
                                     Troutdale, OR 97060
                                     Telephone: 503-922-9183

Her year of birth is 1964.

4.      Defendant **MEGAN J. BRENNAN** is the 74th Postmaster General of the United
States Postal Service and is named in her representative capacity. She is referred to herein, along
with the United States Postal Service as "the Agency."

## PROCEDURAL REQUIREMENTS

5.      On January 18, 2011, plaintiff filed an EEO complaint with the Agency alleging
that the Agency discriminated against her on the basis of gender, disability, age, and reprisal for
prior protected EEO activity.

6.      Following a hearing before an EEOC administrative law judge, the Agency issued
a decision on March 8, 2018.

7.      Plaintiff filed the instant action within 90 days of her receipt of the EEOC
decision.

### GENERAL ALLEGATIONS

8.      Plaintiff was employed by the Agency as a part-time Regular Mail Handler at the
Agency's Processing and Distribution Center in Portland, Oregon until her involuntary
termination on January 3, 2014.

9.      Plaintiff previously was terminated by the Agency but returned to work in 2008
pursuant to a settlement between the parties of discrimination claims raised by plaintiff.

10.     At the time of events giving rise to this complaint, plaintiff worked as a part-time
Regular Mail Handler at the Agency's Processing and Distribution Center in Portland, Oregon.

11.     Plaintiff sought accommodations due to her medical impairments and disabilities.

Page 2 – **FIRST AMENDED COMPLAINT**                    Kimberly M. Mitchell
                                                        1218 W. HCR Hwy
                                                        Troutdale, OR 97060
                                                        Telephone: 503-922-9183

Defendant repeatedly demanded medical information from plaintiff without cause. On September 2, 2010, plaintiff was directed to submit medical documentation within just a few days, by September 7, 2010.

12.    Plaintiff also was directed to submit to an investigative interrogation on September 13, 2010, or submit documentation to cover her absence.

13.    On September 17, 2010, the Supervisor of Distribution Operations, plaintiff's supervisor, issued plaintiff a seven-day suspension for allegedly unacceptable conduct.

14.    The next day, on September 18, 2010, the same supervisor issued plaintiff a Letter of Warning for irregular attendance and absence without Leave.

15.    The predominant portion of plaintiff's unscheduled absences forming the basis for the September 18, 2010 disciplinary action was due to her disabilities.

16.    On November 29, 2010, plaintiff was suspended for a 7-day period, again based on attendance issues caused by her disabilities.

17.    On December 10, 2010, plaintiff received yet another 7-day suspension for attendance issues related to her disabilities.

18.    On January 18, 2011, plaintiff filed an EEO complaint alleging that she was being discriminated against on the bases of sex, disability, age, and retaliation for prior protected EEO activity.

19.    The Agency compiled an investigative report, and plaintiff requested a hearing. By decision dated August 5, 2016, defendant issued a final order denying plaintiff's claims of discrimination.

Page 3 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

20.    Previously, in February or March 2010, plaintiff gave truthful testimony in a lawsuit brought by Diana Taekker against the USPS for retaliation. During the course of plaintiff's testimony, she established that efforts to discredit her testimony were based on false accusations.

21.    Presented by proof that the accusations were false, representatives of defendant became visibly angry, forcefully ordered plaintiff to "return to work now!" and placed her in nonpay status while all other witnesses were paid for all time associated with the trial.

22.    Plaintiff was placed on Emergency Placement Off-Duty Status based on the allegation that she was dangerous to herself or others, later changed to a Letter of Warning for 15 months.

23.    In July 2010, defendant placed plaintiff's former boyfriend as her supervisor despite knowledge of the acrimonious personal relationship between them.

24.    On or about July 10, 2010, plaintiff requested leave when her father was taken for emergency treatment in hospital. She received permission and completed required paperwork. Nonetheless, her absence is used as a basis for discipline for irregular attendance.

25.    On or about July 14, 2010, plaintiff and coworker Diana Taekker were directed to move their lockers to the second floor because George Thomas, against whom Taekker brought harassment charges leading to her court action against defendant, complained. Both Taekker and plaintiff protested that the action is retaliatory.

26.    In October 2010, plaintiff submitted a Form A medical report in compliance with defendant's instructions, but that form was rejected and she was told to complete Form B instead.

Page 4 – **FIRST AMENDED COMPLAINT**                     Kimberly M. Mitchell
                                                          1218 W. HCR Hwy
                                                          Troutdale, OR 97060
                                                          Telephone: 503-922-9183

She complied.

27.    Plaintiff's medical form authorized her to return to work with restrictions. She requested to return to work and was provided a Temporary Light Duty Job Offer to a position exceeding her limitations. When plaintiff protested the excessive lifting requirements, she is told that if she did not sign accepting the position, she will not be permitted to work. She complied and found that the lifting requirements exceeded her restrictions by as much as 100 percent.

28.    Despite having provided medical documentation in early October, plaintiff was ordered to present new medical documentation by October 29, 2010.

29.    Plaintiff provided the requested medical documentation, which included a release from work from October 21, 2010 to October 29, 2010 with continued work restrictions.

30.    Despite that only two absences were not covered by medical documentation, plaintiff was given a suspension for attendance on November 29, 2010.

31.    In or about August 2007, plaintiff was told by management employees Mike Norbom and Elta Carter that they had complaints that her clothes (tank top) are offensive and inappropriate. Plaintiff was summoned to a meeting with Plant Manager Lisa Shear regarding her clothing. Shear required plaintiff to model her clothes to see how they fit. Although Shear stated plaintiff's clothes were within the dress code, plaintiff and her union representative complained that requiring plaintiff to try on her clothes for management was inappropriate and humiliating and in retaliation for plaintiff's decision not to make a sexual harassment complaint as desired by management.

32.    Shear informed plaintiff she could wear her clothing when she worked on the

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

docks.

33.     On September 4, 2007, plaintiff appeared at work in her approved clothing. Management employees Elta, Hoang Vu, and Steve engage in a heated discussion while looking at plaintiff. Soon thereafter, plaintiff was called in to meet with Hoang Vu and Brian Easley, her union representative. Plaintiff was told she would no longer be scheduled to work on the docks and to never wear a tank top again and sent home.

34.     In about August 2007, management employee Titus Muyuela began to follow plaintiff to the bathroom, watch her go in, and while waiting for plaintiff to come out paged her over the loud speaker. Plaintiff protested the action as retaliatory.

35.     On or about September 17, 2007, Elta Carter and Mike Norbom also began following plaintiff, and other employees informed plaintiff she was being watched.

36.     On April 07, 2008, an Occupational Safety & Health Administration (OSHA) issued a letter reading, in part, "Dear Ms. Straight-Millan, Safety Manager –Portland District, * * * Today, the OSHA received a notice of safety and health hazards affiliated with your worksite location of: US Postal Service 715 N.W. Hoyt Street, Portland, OR 97208." The letter addressed safety and health allegations, described as: "Management is in the process of timing bathroom breaks. At the present time, one of the employees is so humiliated that the employee broke down from being timed. The individual currently has health problems that cause this employee to be weak and take longer at tasks that take other people less time. The Portland Processing and Distribution Center is cracking down on excess breaks, but this is way out of bounds."

37.     On April 09, 2008, plaintiff filed an EEO complaint relating to the failure to

Page 6 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

accept her medical documentation, for harassing her, and for disciplining her for medically documented absences.

38.    Between April 28, 2008 and September 01, 2008, management employee Titus Muyuela charged plaintiff 0.50 and 0.15 in Annual Leave (AL), Leave With Out Pay (LWOP), Sick With Out Pay (SWOP), and Unscheduled Sick Leave (USL) for plaintiff's restroom visits.

39.    On or about June 27, 2008, Titus directed Leonard Schindler to follow plaintiff to the bathroom and thereafter called plaintiff in for an investigative interview.

40.    On July 25, 2008, Titus followed plaintiff and attempted to have her sign leave of absence slips for going to the bathroom. Plaintiff refused and requested to speak to the Manager of Distribution Operations (MDO) in charge. With no shop steward on shift, plaintiff requested coworker Diana Taekker to attend the meeting with her, and they spoke with management employees Emerson Pellegrino, Kim Kersey and Titus. Manager Mark Conway entered the meeting, and plaintiff invoked her Weingarten Rights, but was denied representation. Plaintiff and Taekker attempted to leave but were told that if they left the room they would be disciplined for disobeying a direct order.

41.    Conway demanded that Taekker and plaintiff discuss "the problems that Management had" with them. In response to the question what problem Management had with them, Conway stated that management has a problem because "you are injured and are on Light Duty." When Taekker replied that she was no longer on light duty, Conway stated, "Well then Management no longer has a problem with you."

42.    Plaintiff asked what problem management had with her, to which Conway

Page 7 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

responded, "I will not discuss the problems management has with you in front of any witness for you or shop steward, if you want to know management's problem with you then you will have to come in to the next room alone with me and Emerson."

43.    Conway informed Taekker and plaintiff that the Union Shop Stewards were not going to help or protect them, that the Union was not on their side, and that the union was in collusion with Management against them both.

44.    On August 11, 2008, OSHA issued a formal Notice of Alleged Safety and Health Hazards for: (1) Titus following women to the bathroom and timing their bathroom breaks; (2) paging women once they were discovered in the bathroom; (3) Having other first line supervisors follow women to the bathroom; (4) blocking working areas by standing in front of women and the equipment they are trying to use or trying to move from point A to point B; and (5) Supervisor Titus Muyuela's requesting women he has identified as "taking too long" on their bathroom breaks to fill out an annual leave slip for their bathroom time.

45.    On March 31, 2009, plaintiff was fired from USPS by Jane Kim, Emerson Pellegrino, and Mark Conway for alleged attendance issues.

46.    On July 27, 2009, plaintiff filed an EEO complaint for being wrongly fired for absences with medical documentation (Case NO. 1E-971-0036-09).

47.    Following a grievance arbitration, plaintiff was reinstated to her USPS Mail Handler Position.

48.    Plaintiff's EEO complaint progressed and was filed in the United States District Court alleging Title VII Retaliation and Rehabilitation Act Violations.

Page 8 – **FIRST AMENDED COMPLAINT**                    Kimberly M. Mitchell
                                                        1218 W. HCR Hwy
                                                        Troutdale, OR 97060
                                                        Telephone: 503-922-9183

49.     On or about February 2, 2010, Conway issued an AWOL disciplinary notice to plaintiff arising out of the following situation: Diana Taekker, Gloria Rosado and plaintiff were coming back from break and see George Thomas, against whom Taekker has filed a sexual harassment complaint in their assigned section. Fearing the interaction with Thomas, Taekker attempted to wait for Thomas to leave the area and was frightened and stressed out by the sight of him in the area she was assigned. Conway approached and attempted to force Taekker to enter the unit and he yelled at plaintiff to make Taekker go into the unit or to leave her. When George Thomas left the area, plaintiff and Taekker entered the unit and started working. Conway yelled at plaintiff and Taekker and issued an AWOL notice against plaintiff.

50.     On about March 18, 2010, management charged plaintiff with 0.12 hrs. of AWOL for arriving late by approximately 1 minute. Plaintiff was the only person written up for being one minute late; plaintiff is not aware of any men being written up for a one-minute delay.

51.     Defendant USPS had in place a plan for supervisors of each district and in each unit to limit the attendance rate (time missed) for injured, ill, or disabled persons to 3 percent.

52.     On information and belief, defendant acted to accommodate male employees, veterans, those with previous military service for attendance issues before accommodating those with other disabilities.

53.     On February 24, 2012, plaintiff was escorted out of the building and on February 28, 2012 came in for a meeting. She was not compensated for those events. Instead, she was issued another Letter of Warning dated March 14, 2012 for irregular attendance for periods she was on medical leave.

Page 9 – **FIRST AMENDED COMPLAINT**                     Kimberly M. Mitchell
                                                          1218 W. HCR Hwy
                                                          Troutdale, OR 97060
                                                          Telephone: 503-922-9183

54.    Plaintiff requested records of her leave on or about May 11, 2012 and discovered that the leave records were improperly recorded for various periods in March through May 2012.

55.    In December 2013, plaintiff's pay was decreased.

56.    That same month, due to the continuing actions by defendant against plaintiff, plaintiff believed she needed to file for workers' compensation. Though her supervisor gave her the necessary paperwork, after she completed it he refused to accept the completed forms.

57.    On January 3, 2014, plaintiff returned from medical leave on new medication that caused her to have unusual thoughts about her supervisor. She sought the guidance of coworkers about her medication, revealing her unusual thoughts. That leads to allegations toward plaintiff that she was intending to harm her supervisor. Those allegations were false.

58.    On January 3, 2014, plaintiff was terminated on the alleged ground that she was a danger to others.

59.    Plaintiff participated in an Investigative Interview in January 2014 and explained the unusual effects of her medication and had no intent to harm anyone. She provided a letter from her psychiatrist.

60.    Defendant engaged in a course of conduct in subjecting plaintiff to multiple and repeated disciplinary actions, to hostile and angry confrontations, and to the termination of her employment.

### FIRST CLAIM FOR RELIEF

### (Gender Discrimination – Title VII, 42 U.S.C. § 2000e-2)

61.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 60 as

Page 10 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

though fully set forth herein.

62.    Defendant and its agents acted against plaintiff as alleged herein under circumstances in which it did not and would not have acted similarly as against comparable male employees.

63.    Defendant's and defendant's agents' actions as alleged herein are discriminatory in the terms and conditions of plaintiff's employment and in her termination based on sex/gender.

64.    Defendant's discriminatory actions as alleged herein were in violation of 42 U.S.C. § 2000e-2(a).

65.    As a result of the unlawful actions alleged herein, plaintiff has suffered economic damages. She is entitled to recover her lost wages and benefits of employment and other economic losses, in such amount as may be established at trial.

66.    Plaintiff is entitled to be reinstated to her position, or if reinstatement is not feasible awarded an appropriate amount in lost future wages and lost earning capacity in an amount to be determined at trial.

67.    As a further result of defendant's actions alleged herein, plaintiff has suffered noneconomic damages, including emotional and mental harm, for which she should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial.

68.    Plaintiff is entitled to a declaration that defendant acted in violation of the statute set forth in this claim for relief and injunctive relief enjoining defendant from future violations of the statutes set forth herein, on such terms as the court may direct.

Page 11 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

69.     Plaintiff is entitled to an award of reasonable attorney fees and costs, and expert witness fees incurred herein, pursuant to 42 U.S.C. §2000e-5(k).

## SECOND CLAIM FOR RELIEF

### (Age Discrimination – ADEA, 29 U.S.C. § 621 et seq.)

70.     Plaintiff incorporates by reference the allegations of paragraphs 1-60 and 65 through 68 as though fully set forth herein.

71.     Defendant and its agents acted against plaintiff as alleged herein under circumstances in which it did not and would not have acted similarly as against comparable employees who were younger.

72.     Defendant's and defendant's agents' actions as alleged herein are discriminatory in the terms and conditions of plaintiff's employment and in her termination based on age.

73.     Defendant's discriminatory actions as alleged herein were in violation of 29 U.S.C. § 633(a).

74.     Defendant's conduct as alleged herein was wilful, and plaintiff is entitled to recover an additional equal amount to her damages hereunder as liquidated damages pursuant to 29 U.S.C. § 226(b).

75.     Plaintiff is entitled to an award of reasonable attorney fees and costs, and expert witness fees incurred herein, pursuant to 29 U.S.C. §§216(b), 626(b).

## THIRD CLAIM FOR RELIEF

### (Disability Discrimination – Rehabilitation Act, 29 U.S.C. § 701 et seq.)

76.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 60 and

Page 12 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

65 through 68 as though fully set forth herein.

77.    In mid-2009, plaintiff received a corrected diagnosis for a medical condition and elected surgical intervention to stop the progress of the disease. The surgery stopped the progress of the disease but did not remedy the symptoms from long periods during which plaintiff had been misdiagnosed.

78.    Plaintiff is an individual with a disability pursuant to 29 U.S.C. § 705(20)(A) in that she suffers a physical or mental impairment that constitutes or results in a substantial impediment to employment. She is substantially limited in a variety of physical and mental major life activities, including but not limited to standing, performing manual tasks, reaching, grasping, fine manipulation, sitting, caring for oneself, learning, concentrating, thinking, and working. Plaintiff is substantially limited in one or more major bodily functions, including musculo-skeletal and vascular functions.

79.    Defendant regarded plaintiff as disabled in that it acted against plaintiff based on one or more of her physical or mental impairments or on an impairment or impairments defendant or its agents believed plaintiff possessed.

80.    Defendant and its agents discriminated against plaintiff in the terms and conditions of her employment and in terminating her employment in substantial motivating part due to plaintiff's actual disability or because they regarded her as a disabled person.

81.    Defendants conduct as described herein is in violation of 29 U.S.C. § 794.

82.    Plaintiff is entitled to an award of reasonable attorney fees and costs, and expert witness fees incurred herein, pursuant to 29 U.S.C. § 794a(b).

Page 13 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

## FOURTH CLAIM FOR RELIEF

### (Retaliation)

83.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 82 as though fully set forth herein.

84.    Throughout plaintiff's employment with defendant, she opposed and resisted defendant's discriminatory and retaliatory actions directed against her.

85.    Defendant and its agents repeatedly subjected plaintiff to the events and occurrences summarized herein because of her opposition and resistance as well as because of her complaints of discrimination, harassment, and retaliation.

86.    As such, defendant and its agents acted in violation of 42 U.S.C. § 2000e-3(a); 29 U.S.C. §§623(d), 633a(a); and/or 29 U.S.C. § 794a(b).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1.    Declare defendant in violation of the relevant statute set forth in each claim, if applicable;

2.    Order plaintiff reinstated to her position of employment and grant a permanent injunction enjoining defendant and its management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with defendant, from engaging in any employment practice in violation of the statutes alleged herein on such terms as the court may direct;

3.    Order defendants to make plaintiff whole by compensating her for past and future

Page 14 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183

pecuniary losses, including expenses, lost past and future earnings and benefits of employment, and such other losses as are proved at trial on each of plaintiff's claims for relief;

4.     Order defendant to pay plaintiff an award of compensatory damages for personal, noneconomic damages, including physical and emotional pain and suffering;

5.     Order defendant to pay plaintiff liquidated damages equal to her economic damages;

6.     Award plaintiff her costs of suit and her reasonable attorney fees, costs and expert witness fees pursuant to 42 U.S.C. §2000e-5(k); 29 U.S.C. §§216(b), 626(b); and/or 29 U.S.C. § 794a(b).

7.     Order defendants to pay pre-judgment and post-judgment interest, as appropriate, on all amounts due to plaintiff as a result of this action; and

8.     Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.


DATED: September _11__, 2018.

*Kimberly Mitchell*
Kimberly M. Mitchell, pro se


Page 15 – **FIRST AMENDED COMPLAINT**

Kimberly M. Mitchell
1218 W. HCR Hwy
Troutdale, OR 97060
Telephone: 503-922-9183